UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY SWINSON,

                              Plaintiff,

                -v.-

THE CITY OF NEW YORK, *et al.*,

                              Defendants.

19 Civ. 11919 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of two documents, filed on November 17, 2020 and November 18, 2020, both of which Plaintiff has captioned his Amended Complaint. (Dkt. #33, 35). The documents, both of which appear to have been certified by Plaintiff on November 12, 2020, include new allegations and name new defendants, and omit the allegations made in Plaintiff's initial Complaint (Dkt. #2).

At a July 24, 2020 conference to discuss Defendants' anticipated motion to dismiss, with the understanding that Plaintiff wished to bring additional allegations, the Court directed Plaintiff to file an amended complaint by October 30, 2020. The Court subsequently received a letter from Plaintiff, dated September 16, 2020 (Dkt. #26), which, based on its timing and content, the Court understood to be Plaintiff's Amended Complaint (Dkt. #27). Accordingly, Defendants renewed their application to file a motion to dismiss the Amended Complaint (Dkt. #28), and the Court set a briefing schedule (Dkt. #29). Defendants filed their motion to dismiss and supporting papers on November 9, 2020 (Dkt. #30, 31), and filed an affidavit demonstrating that

their briefing and copies of the materials relied upon in their briefing were served upon Plaintiff by mail the same day (Dkt. #32).

Plaintiff appears to have disregarded the Court's directive to file a single amended complaint by October 30, 2020.  Instead, he has made a series of filings in contravention of the Court's deadline, none of which contains a unitary set of allegations.  These pleadings, which are inconsistent both in the defendants named and the allegations made, fail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests" as required by Rule 8 of the Federal Rules of Civil Procedure.  *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007).  "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions ... or to dismiss the complaint."  *Debellis* v. *White*, No. 19 Civ. 8730 (JMF), 2020 WL 5076827, at *1 (S.D.N.Y. Aug. 27, 2020) (quoting *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see also Prezzi* v. *Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam) (dismissing complaint where leave to amend had been granted and successive pleadings were "equally prolix and for the most part incomprehensible").  Given the inconsistencies among Plaintiff's various pleadings, it is unclear to the Court as to what are Plaintiff's current allegations, and against whom they are made.  As Plaintiff's pleadings fail to meet the requirements of Rule 8, the Court cannot accept them.

However, given Plaintiff's *pro se* status, the Court will afford Plaintiff the opportunity to file a proper Complaint.  The Court ORDERS Plaintiff to file an

Amended Complaint on or before December 31, 2020.  The Court is attaching a blank Complaint form that Plaintiff may use as a template.  The Court warns Plaintiff that failure to either submit an Amended Complaint in a timely manner or to submit a proper amended complaint will result in dismissal of this action.  Further, the Court denies Plaintiff's November 17, 2020 application to proceed without prepaying fees or costs as moot (Dkt. #34), as the Court has previously granted Plaintiff such leave (Dkt. #4).

Regrettably, the Court must deny Defendants' pending motion to dismiss as moot (Dkt. #30), and directs Defendants to inform the Court on or before January 29, 2021, as to whether they wish to file an Answer or move to dismiss the Amended Complaint.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff leave to file an amended complaint by December 31, 2020.  The Clerk of Court is directed to strike the purported Amended Complaints (Dkt. #33, 35), and to remove the individual defendants first named in the Amended Complaints from the docket. The Court DENIES Plaintiff's November 17, 2020 application to proceed without prepaying fees or costs as moot.  (Dkt. #34)

The Court DENIES Defendants' pending motion to dismiss as moot.  The Clerk of Court is directed to terminate the motion at docket entry 30. Defendants are ORDERED to inform the Court on or before January 29, 2021, as to whether they wish to file an Answer or move to dismiss the Amended Complaint.

3

Pursuant to 28 U.S.C. § 1915(a), any appeal from this Order would not be taken in good faith; therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record.

SO ORDERED.

Dated:  November 19, 2020
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____

_____

_____

_____

_____

_____

**COMPLAINT**

under the

Civil Rights Act, 42 U.S.C. § 1983

(Prisoner Complaint)

Jury Trial:   ☐ Yes    ☐ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff         Name _____

ID # _____

Current Institution _____

Address _____

_____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1       Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 2      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant No. 3      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant No. 4      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant No. 5      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.      Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In   what   institution   did   the   events   giving   rise   to   your   claim(s)   occur?

_____

_____


B.      Where   in   the   institution   did   the   events   giving   rise   to   your   claim(s)   occur?

_____

_____

_____


C.      What   date   and   approximate   time   did   the   events   giving   rise   to   your   claim(s)   occur?

_____

_____

_____

D.      Facts: _____

_____

| What happened to you? | _____ |

_____

_____

| Who did what? | _____ |

_____

_____

_____

| Was anyone else involved? | _____ |

_____

_____

_____

| Who else saw what happened? | _____ |

_____

_____

_____

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

## IV.     Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____   No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____      No _____      Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____      No _____      Do Not Know _____

      If YES, which claim(s)?   _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____      No _____

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _____      No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?
      _____

      1.    Which claim(s) in this complaint did you grieve?   _____

            _____

      2.    What was the result, if any?   _____

            _____

      3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.   _____
            _____
            _____
            _____
            _____

F.    If you did not file a grievance:

      1.    If there are any reasons why you did not file a grievance, state them here:   _____
            _____
            _____
            _____
            _____

      2.    If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any:_____

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.  _____

_____

_____

_____

_____

_____

_____

_____

**Note:**    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## VI.    Previous lawsuits:

| On these claims |

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff  _____

Defendants  _____

    2.    Court (if federal court, name the district; if state court, name the county)  _____
                        _____

    3.    Docket or Index number  _____
    4.    Name of Judge assigned to your case  _____
    5.    Approximate date of filing lawsuit  _____
    6.    Is the case still pending?  Yes ____  No ____

           If NO, give the approximate date of disposition  _____

    7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
                _____
                _____

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

    Yes ____    No ____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.    Parties to the previous lawsuit:

Plaintiff  _____

Defendants  _____

    2.    Court (if federal court, name the district; if state court, name the county)  _____
                        _____

    3.    Docket or Index number  _____
    4.    Name of Judge assigned to your case  _____
    5.    Approximate date of filing lawsuit  _____
    6.    Is the case still pending?  Yes ____  No ____

           If NO, give the approximate date of disposition  _____

    7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
                _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff        _____

Inmate Number            _____

Institution Address        _____

_____

_____

_____

**Note**:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____